[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13487
Non-Argument Calendar

_____

D.C. Docket No. 8:01-cr-00180-WFJ-AAS 2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEC V. MATHEWS,
a.k.a. Alex Matthews,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2021)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alec Mathews, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release. The government moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case or where, "as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review for abuse of discretion a district court's denial of a motion for compassionate release. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12 (internal quotation marks omitted).

In general, a district court "may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). One such exception is for "compassionate release." *Harris*, 989 F.3d at 909–10. A sentence reduction for compassionate release is available "in any case" where:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . after considering the factors set forth in [18

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

U.S.C. §] 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

In 2001, a jury convicted Mathews of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). For these offenses, the district court sentenced Mathews to a total term of 300 months' imprisonment.

In 2020, Mathews, proceeding *pro se*, filed a motion for compassionate release in the district court. The district court denied the motion, finding that it was not authorized to award a reduction because Mathews failed to exhaust his administrative remedies and had not established that extraordinary and compelling reasons warranted a reduction. In the alternative, the court decided that even if Mathews were eligible for a sentence reduction, it would decline to exercise its discretion to award one. In making this determination, the court expressly considered the sentencing factors set forth at 18 U.S.C. § 3553(a).[2]

---

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

Mathews's arguments on appeal are limited to challenging the district court's conclusions that he failed to exhaust his administrative remedies and was ineligible for compassionate release. Mathews has not challenged the district court's alternative ruling that even if he were eligible for a sentence reduction, it would not exercise its discretion to award one. When a district court judgment "is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*; *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citation omitted)). Because Mathews has abandoned any challenge to the district court's alternative ruling that it would not exercise its discretion to reduce his sentence, the judgment is due to be affirmed.

Even assuming that Mathews did not abandon this challenge on appeal, a summary affirmance would still be appropriate. We cannot say that the district court abused its discretion in denying a sentence reduction based on the § 3553(a) factors. In explaining why it would not exercise its discretion, the district court expressly

4

discussed several § 3553(a) factors such as: Mathews's history and characteristics, including his criminal history and his disciplinary history while incarcerated; the need to reflect the seriousness of the offense; and the need to protect the public from further crimes. It is well established that "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (alteration adopted) (internal quotation marks omitted)). Because there is no substantial question as to the outcome of this appeal, we conclude summary affirmance is appropriate. *See Groendyke Transp*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.